UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BECK'S SUPERIOR HYBRIDS, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 1:23-cv-01510-JMS-MG |
| *vs.* | ) | |
| | ) | |
| STEVE MCBEE and MCBEE FARMS, L.C., | ) | |
| | ) | |
| *Defendants.* | ) | |

**ORDER**

Defendants removed this matter to this Court on the basis of diversity jurisdiction. [Filing No. 1.]  In their Notice of Removal, Defendants allege that "Plaintiff [is] incorporated in the State of Indiana and maintains its principal office in the State of Indiana." [Filing No. 1 at 1.]  However, in their Amended Answer and Counterclaim, Defendants state that they do not have sufficient information to admit Plaintiff's citizenship. [Filing No. 24 at 1.]  This inconsistency leaves the Court unable to determine whether the facts upon which diversity jurisdiction is based are disputed.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists.  *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

- 2 -

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a joint jurisdictional statement by **February 7, 2024**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs.  If agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date.  The filing of the joint jurisdictional statement will satisfy Plaintiff's obligations under Local Rule 81-1(b).

Date: 1/24/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**